IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES NEWMAN,

       Plaintiff,

v.                                      CASE NO.: 1:12cv126-SPM/GRJ

THE CROM CORPORATION,
a Limited Liability Company,

       Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS
AND FOR MORE DEFINITE STATEMENT**

This cause comes before the Court on Defendant's Motion to Dismiss Count II and Motion for More Definite Statement as to Count I of Plaintiff's Complaint. Doc. 5. Plaintiff filed a response in opposition. Doc. 7. For the following reasons, the motion will be denied.

    **I.**      **Standard for Complaint**

A valid complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d. 678, 684 (11th Cir. 2001). A plaintiff is not required to plead facts in the complaint to

negate an affirmative defense. La Grasta v. First Union Sec. Inc., 358 F.3d 840, 845 (11th Cir. 2004). "[D]etailed factual allegations" are not necessary, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . . " Bell Atlantic Corp., et al. v. Twombly, 550 U.S. 544, 555 (2007).

## II.     Standard for Granting More Definite Statement

A motion for more definite statement should only be granted if a pleading is so "vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  A complaint, however, need not contain a great deal of specificity.  Under the liberal pleading standard of Federal Rule of Civil Procedure 8(a), a complaint need only contain "a short plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

## III.    Count I Alleges FMLA Interference and Retaliation Violations

The allegations in Plaintiff's complaint are sufficient to state a claim for violation of the FMLA on theories of interference and retaliation. As written, the complaint is clear that Plaintiff is proceeding under both theories. Plaintiff is not required to separate his claim into two counts. Perkins v. Sch. Bd. of Pinellas County, 152 F.R.D. 227, 229 (M.D. Fla. 1993); Capital Factors, Inc. v. Heller Financial, Inc., 712 F. Supp. 908, 911 (S.D. Fla. 1989).

### IV. Count II Alleges Slander

Under Florida law, a plaintiff is not required to plead the exact words of the alleged slander. Scott v. Busch, 907 So. 2d 662, 667 (Fla. 5th Dist. Ct. App. 2005). It is enough to describe the character of the statements to allow the Court to determine whether the statements could be actionable. Id.; Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 55 (Fla. 3d Dist. Ct. App. 1982). Here, Plaintiff alleges that Defendant made false statements about Plaintiff's character and ability to work. Such statements, which tend to injure a person in his business or trade, fall into the category of slander per se and are actionable. Scott, 907 So. 2d at 667; Hoch v. Rissman, Weisberg, Barrett, 742 So. 2d 451, 457 (Fla. 5th Dist. Ct. App. 1999).

Defendant also seeks dismissal on grounds that its statements are subject to a qualified privilege under Florida Statutes, Section 768.095. The privilege is an affirmative defense that a plaintiff is not required to negate in a complaint. La Grasta v. First Union Sec. Inc., 358 F.3d 840, 845 (11th Cir. 2004) (a plaintiff is not required to negate an affirmative defense in the complaint); Scott, 907 So. 2d at 666 (questioning whether bar to affirmative defense must be pleaded in the complaint); Linafelt v. Beverly Enterprises-Florida, Inc., 745 So. 2d 386, 388 (privilege under 768.095 is an affirmative defense).

The fact that Plaintiff alleges that Defendant "made the statements negligently, without reasonable care as to whether the statement[s] [were] true or

false" (Complaint, Doc. 1-1, at ¶ 33) does not change the result. Plaintiff's allegation is not inconsistent with Plaintiff's ability to make a higher showing that the statements were "knowingly false or deliberately misleading, [or] rendered with malicious purpose," Fla. Stat. § 768.095, should it become necessary to negate the affirmative defense.

Based on the foregoing, it is

ORDERED AND ADJUDGED:  Defendant's Motion to Dismiss Count II and Motion for More Definite Statement as to Count I of Plaintiff's Complaint (doc. 5) is denied.

DONE AND ORDERED this 15th day of August, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge